1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9
IBRAHIM H.A. IRAHIM,
10
                              NO. CIV. S-07-2415 LKK/KJM
11          Plaintiff,

12     v.
                                   O R D E R
13 MICHAEL CHERTOFF, Secretary
of Homeland Security, et al.,
14
          Defendants.
15 _____/

16      Plaintiff is an applicant for naturalization who brought suit

17 in this court against defendants Shelby Harris, Jonathan Scharfen,

18 Michael Chertoff, Michael Mukasey, and Robert Mueller due to the

19 untimely resolution of his naturalization petition. Upon the

20 stipulation of the parties, the case was remanded to the United

21 States Citizenship and Naturalization Services (CIS) for

22 adjudication of plaintiff's petition. Plaintiff now seeks

23 attorneys' fees pursuant to the Equal Access to Justice Act (EAJA),

24 28 U.S.C. § 2412.

25                         **I. BACKGROUND**

26      Plaintiff filed his complaint in this court on November 8,

                                 1

2007. In it, he alleged that he was a lawful permanent resident of the United States and had applied for naturalization on December 1, 2004. He alleged that at his examination, he was told by the CIS examiner that his application was approved pending the results of the FBI's background check. At the time of filing his complaint, there had not been a final determination on his application.

Plaintiff's complaint alleged that defendants violated 8 C.F.R. § 335.3, which requires CIS to make a decision on a naturalization petition within 120 days of the initial examination. As a result of CIS's delay, plaintiff requested the court to adjudicate his application, pursuant to 8 U.S.C. § 1447(b).

On July 14, 2008, the parties submitted a stipulation to the court to remand the case to CIS. It explained, "This is an immigration case in which plaintiff has filed to challenge [CIS's] failure to timely adjudicate his naturalization application and to seek de novo review of this application. As of the time of this filing, the agency is prepared to adjudicate the application." If CIS failed to make a determination on the petition within sixty days, the parties agreed that the court would have jurisdiction to adjudicate the petition. The court approved the stipulation by order on July 22, 2008, remanding the case to CIS. It is based upon this order that plaintiff asserts that attorneys fees are proper.

////

## II. STANDARD

Under the Equal Access to Justice Act, a court "shall award" attorney fees, costs and other expenses to a "prevailing party" in a civil action "brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

In the absence of a statutory definition, a plaintiff is a "prevailing party" for purposes of the EAJA if he or she "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." See United States v. Real Property Known as 22249 Dolorosa Street, 190 F.3d 977, 981 (9th Cir. 1999) (internal citations and quotation marks omitted). A plaintiff is not entitled to attorney fees, costs and other expenses in a civil action against the United States, despite satisfying the "prevailing party" test, if the government, bearing the burden of proof, demonstrates that its position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1988).

An application for attorneys' fees under the EAJA must be brought within thirty days of the final judgment, although it is tolled during the ninety days thereafter when the plaintiff may seek review by the Supreme Court or if the matter is remanded to

1  an agency. <u>Li v. Keisler</u>, 505 F.3d 913, 917 (9th Cir. 2007); <u>Al-</u>
2  <u>Harbi v. INS</u>, 284 F.3d 1080, 1082-84 (9th Cir. 2002).

**III. ANALYSIS**

4      Plaintiff requests $4,880.45 in attorneys' fees and costs.
5  For the reasons stated herein, the court awards $4,951.20.

6  **A.   Prevailing Party**

7      The parties first dispute whether plaintiff was the
8  prevailing party so that an award of attorneys' fees is proper
9  under the EAJA. A party is a prevailing party if it "succeed[ed]
10 on any significant issue in litigation which achiev[ed] some of
11 the benefits" it sought in bringing suit. <u>National Wildlife</u>
12 <u>Federation v. Federal Energy Regulatory Comm'n</u>, 870 F.2d 542,
13 544 (9th Cir. 1989). Instead, there must be a "judicial
14 imprimatur" that changes the legal relationship of the parties.
15 <u>Watson v. County of Riverside</u>, 300 F.3d 1092, 1096 (9th Cir.
16 2002). An agreement between the parties that is adopted as an
17 order of the court can suffice. <u>Carbonell v. I.N.S.</u>, 429 F.3d
18 894, 900-901 (9th Cir. 2005) (court-ordered stay of deportation,
19 upon the stipulation of the parties, rendered plaintiff a
20 prevailing party). Moreover, a plaintiff can be a prevailing
21 party on an action even if he does not win the underlying relief
22 he seeks from the agency. <u>See</u>, <u>e.g.</u>, <u>Rueda-Menicucci v. INS</u>, 132
23 F.3d 493, 495 (9th Cir. 1997). (remand to INS to reconsider a
24 prior decision sufficed to give plaintiff prevailing party
25 status, regardless of whether he ultimately prevailed in the
26 agency action). A plaintiff may also be a prevailing party even

4

1  if his claim later becomes moot. <u>Watson</u>, 300 F.3d at 1096;

2  <u>Williams v. Alioto</u>, 625 F.2d 845, 847 (9th Cir. 1980);

3  <u>Californians for Alternatives to Toxics v. U. S. Forest Service</u>,

4  No. S-05-1502, 2007 WL 2993132 (E.D. Cal. Oct. 11, 2007)

5  (Karlton, J.).

6      Here, the court disagrees with defendants' contention that

7  plaintiff was not the prevailing party. He filed his suit in

8  this court because CIS had allegedly failed to timely adjudicate

9  his naturalization petition and he sought review of that

10 petition. By remanding the case to the CIS, the court

11 effectuated that review, albeit by CIS rather than the court. In

12 that sense, plaintiff obtained the relief he sought. It is of no

13 import to the prevailing party analysis that the remand occurred

14 upon the stipulation of the parties or that the timeliness of

15 the petition's adjudication may have become moot if CIS

16 eventually denied it. <u>See</u> <u>Carbonell</u>, 429 F.3d at 900-901;

17 <u>Watson</u>, 300 F.3d at 1096. There was, in this case, a "judicial

18 imprimatur" on the changed relationship between the parties by

19 which CIS was required to review plaintiff's petition within

20 sixty days. This suffices to render him the prevailing party in

21 his action.

22 **B.   Substantial Justification of the Government's Position**

23      Defendants argue that the agency's underlying position of

24 untimely disposition of plaintiff's application was

25 substantially justified because CIS has a policy of delaying

26 adjudication of an application until the background check is

5

1  complete. They rely on the 1998 Appropriations Bill, which
2  provided that CIS may not complete adjudication of an
3  application until the F.B.I. background check is completed. H.R.
4  2267, PL 105-119, 105th Cong., at 2448 (1997).

5      Be that as it may, the plaintiff's contention that a delay
6  of several years to complete a background check is well-taken.
7  Defendants have not offered any justification for this delay. In
8  a similar case, another district court has pointed out that the
9  relevant regulations instruct CIS to conduct the examination
10 after completion of the background check, which would facilitate
11 timely adjudication. Castracani v. Chertoff, 377 F. Supp. 2d 71,
12 74 n. 8 (D.D.C. 2005) citing 8 C.F.R. § 335.2. Here, without any
13 explanation of why that process was not followed here nor why
14 the background check took so long to complete, the court cannot
15 conclude that defendants' position was substantially justified.

16 **C.   Amount of Award**

17     The starting point for calculating the amount of a
18 reasonable fee is the number of hours reasonably expended
19 multiplied by a reasonable hourly rate. See Hensley v.
20 Eckerhart, 461 U.S. 424, 433 (1983).

21     Under the EAJA, attorneys' fees are award at an hourly rate
22 of $125, unless the court determines a cost-of-living increase
23 or "a special factor, such as the limited availability of
24 qualified attorneys for the proceedings involved" warrant a rate
25 increase. 28 U.S.C. § 2412(d)(2)(A). Here, plaintiff seeks
26 attorneys' fees at $125 per hour. See Motion for Award of

1  Attorney's Fees at 5. There is no evidence tendered to the court
2  as to why that fee is not appropriate.

3      A court may only award attorney fees for those hours
4  reasonably expended, excluding any "excessive, redundant, or
5  otherwise unnecessary" hours. Hensley, 461 U.S. at 434. Time
6  expended on the fee motion can be included in the award.
7  Commissioner, INS v. Jean, 496 U.S. 154, 162 (1990).

8      Here, plaintiff's counsel has tendered evidence supporting
9  his representation of having spent 35.5 hours on this case.
10 Motion for Award of Attorney's Fees, Ex. 4. A review of his time
11 log indicates that this is a fair representation of the work
12 expended and does not contain redundancies or otherwise reflect
13 inflated figures. The court does note, however, that counsel
14 misadded his time for July 2008; the correct figure for that
15 month appears to have been five, not four, hours. Id. The court
16 therefore awards plaintiff 36.5 hours in attorneys' fees.

17     Finally, the EAJA provides that the prevailing party can
18 recover litigation expenses and costs in addition to attorneys'
19 fees.  28 U.S.C. § 2412(a)(1); § 2412(d)(1)(A). "Expenses"
20 includes those that are normally billed a client, such as
21 telephone calls, postage, and attorney travel expenses.
22 International Woodowrkers, Local 3-98 v. Donovan, 792 F.2d 762,
23 767 (9th Cir. 1986). Here, plaintiff's counsel has tendered
24 evidence that he incurred expenses for copying and filing fees,
25 totaling $388.70. Motion for Award of Attorney's Fees, Ex. 4. He
26 also claims an expense of $54.25 in November 2008, with no

7

1  explanation of what it was. Id. The court therefore declines to

2  award that cost and awards only $388.70 in costs.

3  **IV. CONCLUSION**

4       For the reasons stated herein, plaintiff's motion for

5  attorney's fees is GRANTED. Plaintiff is awarded $4,562.50 in

6  fees and $388.70 in costs, for a total award of $4,951.20.

7       IT IS SO ORDERED.

8       DATED:  February 9, 2009.

9

10

11  _____
    LAWRENCE K. KARLTON

12  SENIOR JUDGE
    UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26